UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

DISABLED PATRIOTS OF AMERICA, INC.
A Florida Not-For-Profit corporation, and
and EFREM WALKER. Individually.

      Plaintiffs,                                 CASE NO.: 2:08-cv-12935

vs.                                                         Hon. John Feikens

WARREN NIGHTS, INC.
A Michigan Corporation,

      Defendants,

## FINAL ORDER APPROVING AND
## ENTERING CONSENT DECREE AND DISMISSING CASE

**THIS CAUSE** came before the Court on the Stipulation for Approval and Entry of a Consent Decree and Dismissal of the Case, and the Court having reviewed the pleadings and papers filed in this cause, and the Stipulation for Approval and Entry of Consent Decree and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED THAT:**

1. The Consent Decree, in the form annexed hereto, is approved and entered, with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Consent Decree;

2. The parties agree the Defendant shall pay Plaintiffs for the reasonable fees, expenses and costs incurred by Plaintiffs and Plaintiff's counsel in the amount of

$8,000.00 payable in four equal installments of $2,000.00. Except as set forth herein, each party shall bear their own fees, expenses and costs related to this action;

3. The above-styled cause be and the same hereby is dismissed with prejudice;

4. To the extent not otherwise disposed of herein, all pending motions are hereby denied or moot and the case is closed.

**IT IS SO ORDERED.**

                 **s/John Feikens**
                 John Feikens
                 United States District Judge

Dated: November 26, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 26, 2008.

s/Carol Cohron
Deputy Clerk

Stipulated to by:

*Counsel for the Plaintiffs*

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Esq. (P66315)
Law Office of Owen B. Dunn, Jr.
520 Madison Ave., Suite 330
Toledo. OH 42604
Attorneys for Plaintiff
Tel.: (419) 241-9661
Fax.: (419) 241-9737
dunnlawoffice@sbcglobal.net

*Counsel for the Defendants*

/s/ John A. Ponitz
 John A. Ponitz, Esq. (P24610)
 24170 Sherwood
 Center Line, MI. 48015
 Tel.: (586) 427-5471
 Fax: (586) 427-5472
 jponitz@ponitzlaw .com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

DISABLED PATRIOTS OF AMERICA, INC.
A Florida Not-For-Profit corporation, and
and EFREM WALKER, Individually,

                CASE NO.: 2:08-cv-12935
    Plaintiffs,          Hon. John Feikens

vs.

WARREN NIGHTS, INC.
A Michigan Corporation,

    Defendants,
_____/

| Owen B. Dunn, Jr., Esq. (P66315) | John A. Ponitz (P24610) |
|---|---|
| Law Office of Owen B. Dunn, Jr. | 24170 Sherwood |
| 520 Madison Ave., Suite 330 | Center Line, MI. 48015 |
| Toledo, OH 42604 | Attorney for Defendant |
| Attorneys for Plaintiff | Tel.: (586) 427-5471 |
| Tel.: (419) 241-9661 | Fax: (586) 427-5472 |
| Fax.: (419) 241-9737 | jponitz@ponitzlaw.com |
| dunnlawoffice@sbcglobal.net | |

_____/

## **CONSENT DECREE**

This consent decree is entered into by and between DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and EFREM WALKER, individually, hereinafter referred to as "Plaintiffs," and WARREN NIGHTS, INC. a Michigan corporation, hereinafter referred to as "Defendant," on the date executed below:

WHEREAS, the Defendant's property is known as the Econolodge and is located at 7500 Miller Drive, Warren, MI. 48092. Plaintiffs claim that there are architectural barriers existing at Defendant's property which constitute violations of the Americans With Disabilities Act and unlawfully limit the Plaintiff's use of the property. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order approving and entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the date set forth below, unless a different completion date is otherwise stated herein. All modifications to the subject property required below for barrier removal shall be completed by December 1, 2010. Defendant or its counsel shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed.

2. Defendant shall pay Plaintiffs for the reasonable fees, expenses and costs incurred by Plaintiffs and Plaintiff's counsel in the amount set forth in the Parties' Stipulation for Monetary Relief, Attorney's Fees, Litigation Expenses and Costs. Except as set forth herein, each party shall bear their own fees, expenses and costs related to this action.

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree, and the amount of attorneys' fees, expert fees and costs.

4. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. The parties shall perform their obligations under this Consent Decree in good faith.

5. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, litigation expenses, costs and expert fees.

6. The parties agree that any delays in making the modifications to the property as provided pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be

deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree and the amount of Plaintiff's attorneys' fees, expert fees and costs, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it had arising under the Americans With Disabilities Act.

8. All references to ADAAG refer to the following:
28 CFR Chapter 1 Part 36, App. A (7-1-98 edition) – ADAAG

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those figures that accompany the ADAAG and which more fully describe compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any parties signature shall be deemed as legally binding as the original signatures.

11. Defendant Warren Nights, Inc., shall complete all modifications and submit to Plaintiff's counsel a report summarizing the actions it has taken pursuant to this consent decree by December 1, 2010.

12. Defendant agrees to modify the property as follows:

## **PARKING**

A. QUANTITY AND DESIGN OF THE PARKING SPACES SHALL CONFORM WITH THE ADA

The Defendant shall provide 5 accessible parking spaces and access aisles to existing designated parking spaces that comply with the ADAAG Section 4.6.3, or shall designate new spaces that conform to the ADAAG. The Defendant will provide one accessible van space and signage per ADAAG Section 4.1.2(5)(a). All accessible spaces shall have signs with the international symbol of accessibility, minimum five feet high if mounted on a wall and minimum six feet eight inches if it is mounted on a pole. All signs shall be located so they cannot be obscured by a vehicle parked in the space.

Because the accessible guestrooms are located in a separate building away from the front office, the accessible spaces should be distributed amongst both areas. Defendant will provide three (4) of the accessible parking spaces in front of the accessible guest rooms, and one (1) of the accessible spaces and (1) van accessible space in front of the main office.

**Shall be completed by December 1, 2008**

## ACCESSIBLE ROUTES

B.  THERE SHALL BE AN ACCESSIBLE ROUTE CONNECTING ALL ACCESSIBLE PARKING SPACES WITH ALL COMMON AREAS AND ACCESSIBLE ROOMS

The Defendant shall modify the interior and exterior property to create an access route to comply with ADAAG Sections 4.3.8 and 4.5.2. The access route shall connect the accessible parking spaces, Defendant's main office and side office, the common areas, the laundry rooms and the accessible guestrooms. Because the accessible guestrooms and laundry room are located in a separate building away from the front office, the exterior access route will run directly from the front office along the north side of the property and over to the accessible rooms. This may require the installation of a new paved sidewalk and several ramps.

Defendant shall remove all protruding objects along the accessible route pursuant to 4.4.1. The accessible route shall be clear and without obstruction as described in the ADAAG. This shall include curb cuts, ramps and handrails which comply with the ADAAG Section 4.7.2, 4.3.8, 4.8.5, 4.9.4 and 4.5.2 and ground surfaces which comply with 4.3.7. Signage shall be posted at all entrances to comply with Section 4.1.2(7).

The Defendant shall provide door threshold and door hardware in accessible routes and accessible rooms in the facility to comply with ADAAG Sections 4.13.8, 4.13.9 and 4.13.11. All floor mats shall be fastened to the floor to comply with ADAAG Section 4.5.3.

**Shall be completed by December 1, 2010**

## COMMON SPACES

C.  ACCESS TO GOODS AND SERVICES

The Defendant's front desk registration and night check-in areas shall be modified or supplemented with a lowered section or a compliant table. Defendant shall provide a lowered section or table for public computer use. The lowered sections or tables shall comply with ADAAG Section 4.32. Defendant shall post a sign at the registration counter informing persons with disabilities that assistance will be provided, and that a TTY is

available upon request.  The sign shall be mounted sixty inches high and shall include a pictogram of the international symbol of accessibility.

All tables in the lounge that are provided for customer use shall comply with Section 4.32.3. Defendants shall provide audible and visual alarms to comply with ADAAG Section 4.28. The public telephone will be mounted so that it does not protrude more than 4 inches and that the height of its controls does not exceed 54 ". (4.4.1; 4.2.6)  The vending machines shall be replaced or modified in order to comply with acceptable reach ranges under Section 4.2.5-6. The lobby doors shall be modified so that the opening force does not exceed 5 lbs.  The washing machines shall be modified, replaced or supplemented with one washing machine whose controls are within acceptable reach ranges pursuant to 4.2.

**Shall be completed by December 1, 2009**

## ACCESSIBLE GUESTROOMS

D.     THE DEFENDANT'S DESIGNATED GUESTROOMS SHALL BE ACCESSIBLE TO THE DISABLED

The Defendant has 110 total guestrooms in its facility.  According to ADAAG 9.1.2, five rooms must be fully accessible.  Furthermore, two additional rooms must be fully accessible and include roll-in showers, for a total of seven "fully accessible" rooms.  An additional five rooms are required for persons with hearing impairments, for a total of twelve rooms.  All accessible rooms shall have signage pursuant to Section 4.1.2.

The fully accessible guestrooms will be divided into two different classes of sleeping accommodations, four (4) rooms with single king size beds and three (3) rooms with double full size beds.  Because of the age and unique configuration of the property, it is not economically feasible to distribute the accessible rooms throughout the four guestroom buildings.  Instead the accessible rooms shall be located in building #3 immediately adjacent to the public laundry room.  The Defendant will create an exterior access route which shall run directly from the front office along the north side of the property and over to the accessible rooms.

The Defendant also has several "Jacuzzi suite" rooms however converting them into accessible rooms is infeasible and highly impractical as doing so would be extremely costly, require significant structural renovation, and effectively reduce the space in the bathroom to such a degree that it could not comply with the ADAAG.

About 10% of the Defendant's guestrooms are deemed "deluxe," meaning they contain small kitchenettes. Similar to the Jacuzzi suites, the deluxe rooms cannot be converted into accessible rooms because doing so would necessitate structural modification and reduce the route inside the guestrooms to such an extent that it could not comply with the ADAAG. Instead, Defendant will install a mini-refrigerator and microwave oven in two

of its accessible guestrooms.  This will provide the guest in the accessible room comparable services that the non-accessible deluxe rooms offer.

The Plaintiff and Defendant hereby accept the findings of the report of Dr. Sabah Abro, dated August, 15, 2008, and incorporate his proposed modifications regarding guestrooms.  These modifications shall include the addition of two roll-in shower guestrooms that comply with ADAAG Section 9.2.

The Defendant shall modify the accessible guestrooms to conform to the ADAAG.  The handles on the guestroom doors and dressers shall allow operation with a closed fist. The lavatories shall have a minimum of 27 inches clear floor space, and all grab bars shall be securely positioned to comply with Section 4.16 and 4.26.  All shower stalls shall have permanent seats, grab bars and shower spray units that comply with 4.21.3, 4.21.4 and 4.21.6.  Counters shall not exceed thirty-four inches maximum heights and knee clearance shall be a minimum of twenty-seven inches.  All bathroom controls and fixtures shall be fifty-four inches maximum for side reach or forty eight inches maximum front reach. All twelve accessible rooms shall be equipped with audible and visual alarms, telephones with volume controls, and visual notification devices.

**5 accessible Rooms shall be completed by December 31, 2008**
**The remaining provisions of this paragraph shall be completed by December 1, 2010**

The parties hereby consent to the entry of the foregoing Consent Decree.

SIGNATURES:

Parties:

**PLAINTIFFS**:


By: __/s/ Efrem Walker, its officer_____          Date: 10-30-2008_____
      DISABLED PATRIOTS OF AMERICA, INC.


By: __/s/ Efrem Walker_____          Date: _10-30-2008_____
      EFREM WALKER


**DEFENDANT**:


By: _/s/ Akram Namou, its President_____          Date: _10-30-2008_____
      WARREN NIGHTS, INC.